# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANA M.A.A., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19-cv-7559 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| KILILO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ana M.A.A.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [dkt. 26] is GRANTED and the Commissioner's motion for summary judgment [dkt. 29] is DENIED; the Court hereby remands this matter for further proceedings.

### 1.    Procedural History

Plaintiff protectively filed for Disability Insurance Benefits on June 5, 2014, alleging a disability onset date of June 2, 2014. [Administrative Record ("R.") 75.] Plaintiff's claims were denied initially and upon reconsideration. *Id.* On November 9, 2016, an Administrative Hearing, Administrative Law Judge issued an unfavorable decision. [R. 84.] Plaintiff eventually appealed the case to this Court, who remanded the case in order to review the Work Activity Questionnaire Plaintiff's employer had provided. [R. 498-506]. On remand, ALJ Bill Laskaris issued an

---

[1]    In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]    Plaintiff has filed a Appellant's Brief [dkt. 26] and the Commissioner filed a Response [29], which the Court construes as motions for summary judgment.

unfavorable decision on August 2, 2019. [R. 479-90.] Plaintiff did seek review by the Appeals Council, but more than 60 days past after the ALJ's decision, thereby making it the final decision of the Commissioner. Plaintiff filed the instant appeal on November 15, 2019. [Dkt. 1.] The parties consented to this Court's jurisdiction on April 29, 2020, and briefing on the appeal was completed on February 1, 2021. The case is now ripe for disposition.

## 2.    The ALJ's Decision

On August 2, 2019, the ALJ issued a written decision denying Plaintiff disability benefits. [R. 479-90.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 2, 2014. [R. 481.] At Step Two, the ALJ found Plaintiff had the severe impairments of obesity, diabetes mellitus, degenerative joint disease, hypertension, hyperlipidemia, degenerative disc disease of the lumbar spine, lumbago, and chronic sciatica. [R. 482.] At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 482.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: she can stand and walk for approximately six hours in an eight-hour workday and sit for approximately six hours in an eight-hour workday with normal breaks; she can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can frequently balance; and can occasionally stoop, crouch, kneel, and crawl; and she must avoid all use or exposure to moving machinery, unprotected heights, or other hazards. [R. 482-83.] At Step Four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a housekeeper/laundry aide. [R. 488.] Because of these determinations, the ALJ found Plaintiff not disabled under the Act. [R. 490.]

2

In reaching this decision, the ALJ weighed several medical opinions that were included in the record. Notably, he assigned little weight to ***every*** opinion in the record that opined on Plaintiff's ability to walk or stand during an eight-hour workday. The ALJ assigned little weight to the state agency medical consultants who found Plaintiff's impairments to be non-severe because "these consultants did not have the opportunity to review the substantial medical evidence obtained after the state agency review, examine the claimant personally, consider her testimony, or consider the testimony of the medical expert witness." [R. 485.] Similarly, the ALJ assigned little weight to the opinion of consultative internal medicine examiner Robert Cotler, M.D., because his standing and walking limitations did not have support in the objective medical record. [R. 486.] Likewise, the ALJ gave little weight to the opinion of Plaintiff's treating physician, Dr. Ahmad, because he "provide[d] no objective medical evidence or examination-based evidence of any kind to support his opinions, nor is any apparent in the medical evidence of record." [R. 487.] Finally, the ALJ ascribed great weight to the opinion of the testifying medical expert witness Dr. Lebeau, except he assigned little weight "to the specific opinions that the claimant could stand for 1 hour at a time and 3 hours per day and walk for ½ hour at a time and 3 hours a day" because they were "not consistent with or supported by the objective medical evidence or with the claimant's reported activities of daily living." [R. 487.] There were no medical opinions in the record that support the ALJ's RFC finding regarding Plaintiff ability to stand or walk during a normal eight-hour workday.

**3.    Social Security Regulations and Standard of Review**

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004).

Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and her conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

**4.    Discussion**

The ALJ's rejection of all the opinion evidence regarding Plaintiff's ability to stand or walk during an eight-hour workday created an evidentiary gap that rendered the ALJ's RFC finding unsupported by substantial evidence. "As the Seventh Circuit has made clear, 'ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves.'" *Barbarigos v. Berryhill*, 2019 WL 109373, *12 (N.D. Ill. Jan. 4, 2019) (quoting *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018)). Although the ALJ cited to medical records that cut against the expert witnesses' findings, "the ALJ is not a medical expert and cannot interpret medical evidence." *Id.* The Court understands that the ultimate responsibility to formulate an RFC belongs to the ALJ; however, "an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012). In this case, as in *Barbarigos*, there "is no

4

medical assessment which supports a finding that Plaintiff can perform" the standing and walking requirements ascribed to Plaintiff in the ALJ's RFC. *See* 2019 WL 109373, at *12. "Without any medical expertise or other opinion evidence, it is not clear how the ALJ determined that the findings he identified in his decision support his RFC assessment that Plaintiff can stand or walk for six hours" in an eight-hour workday. *Id.* Having no medical opinion evidence that supports his RFC finding, the ALJ essentially provided his own medical opinion to fill in the gap and conclude that Plaintiff can stand or walk for six hours in an eight-hour workday on a full-time basis, which is reversible error. *See Suide v. Astrue*, 371 Fed. Appx. 684, 690 (7th Cir. 2010) (ALJ is not allowed to "play doctor" by using his or her own lay opinions to fill evidentiary gaps in the record). In short, the ALJ's RFC finding is not supported by substantial evidence, and the Court remands the case.[3]

## 5.    Conclusion

Plaintiff's motion for summary judgment [dkt. 26] is GRANTED and the Commissioner's motion for summary judgment [dkt. 29] is DENIED; the Court hereby remands this matter for further proceedings.

Entered: 9/2/2021

Susan E. Cox,
United States Magistrate Judge

---

[3] To be clear, the Court does not reach any conclusions on the ALJ's analysis on any individual medical opinion. However, by rejecting all the opinions in the record on Plaintiff's standing and walking ability, the ALJ was left with **_no_** medical opinion evidence to support his RFC finding and improperly resorted to substituting his own lay evaluation of the medical record.